IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS TRAUMANN,<br><br>*Plaintiff,*<br><br>v.<br><br>CAROLINE A. CINQUANTO and JAMES FUNT,<br><br>*Defendants.* | Case No. 2:24-cv-00486-JDW |

## MEMORANDUM

No one likes to lose. Least so a criminal defendant whose life or liberty is at stake. So, when a conviction occurs, a defendant often wants to look anywhere but in the mirror to explain the result. Often, a defendant's gaze falls on his lawyers. But a defendant who thinks his lawyers failed him must act within the statute of limitations to assert any malpractice claim. Thomas Traumann didn't do that. He was convicted, sentenced, and fired his lawyers, but he still waited for more than the two years that Pennsylvania allows to assert a malpractice claim against his former defense lawyers. Even when I credit Mr. Traumann's arguments that his counsel failed him, his claims against his former counsel are too late, so I will dismiss his claims with prejudice.

I. **BACKGROUND**

On December 6, 2018, a federal grand jury charged Mr. Traumann with traveling across state lines to engage in sexual conduct with a minor, among other things. Caroline Cinquanto and James Funt filed notices of appearance for Mr. Traumann on December 27, 2018, and December 28, 2018, respectively. Mr. Traumann pled guilty to that charge on October 5, 2020. On February 22, 2021, Judge Pratter sentenced him to 99 months in prison and 10 years of supervised release.

At some point after his sentencing, Mr. Traumann appears to have terminated his relationship with Ms. Cinquanto and Mr. Funt. The record isn't clear when that happened, but on July 6, 2021, Mr. Traumann filed a *pro se* motion for compassionate release. Going forward, all his filings were *pro se*, including a notice of appeal. He also represented himself in the Third Circuit.

Mr. Traumann filed this lawsuit on January 30, 2024. He filed an Amended Complaint on June 12, 2024. In his Amended Complaint, Mr. Traumann brings an array of claims against Ms. Cinquanto and Mr. Funt: legal malpractice; fraudulent misrepresentation; fraudulent concealment; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; *ex parte* meeting and violation of attorney-client privilege and confidentiality; and civil conspiracy. He bases many of these claims on allegations that his lawyers violated the ABA's Model Rules of Professional Conduct. On June 25, 2024, Ms. Cinquanto and Mr. Funt moved to dismiss Mr. Traumann's Amended Complaint.

## II.   LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786-87. First, the judge must identify the elements needed to set forth a particular claim. *See id.* at 787. Second, the judge should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the judge should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The judge must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

In resolving a motion to dismiss under Rule 12(b)(6), a judge may consider the allegations in the complaint, "documents that are attached to or submitted with the complaint, . . . any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Township School District*, 452 F.3d 256, 260 (3d Cir. 2006). This includes taking judicial notice of court records, "not for the truth of the facts recited

therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999).

Failure to file within the applicable statute of limitations is an affirmative defense, which generally isn't proper subjects of motions to dismiss. *See Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002). However, "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations," then a judge can take the issue up on a motion to dismiss *Id.* For these purposes, the "statement of a claim" includes both the complaint and other materials that a judge can consider in ruling on a motion to dismiss, including public records like court dockets. Mr. Traumann's Amended Complaint addresses not only the timeliness of his claims against Ms. Cinquanto and Mr. Funt, but also the statute of limitations defense and the availability of equitable tolling. He has put this in issue, and it is therefore appropriate to consider at the motion to dismiss stage.

Judges must construe complaints that *pro se* litigants file liberally and hold them to less stringent standards than formal pleadings that lawyers draft. *See Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021). At the same time, *pro se* litigants "must allege sufficient facts in their complaints to support a claim … . At the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

Although he gives them various labels, Mr. Traumann's factual allegations make clear that all of his claims are just different spins on legal malpractice claim. Under Pennsylvania law, legal malpractice can sound either in tort or in contract. *See Bailey v. Tucker*, 621 A.2d 108, 112 (Pa. 1993). The statute of limitations is two years for legal malpractice in tort and four years in contract.[1] To assert a claim for malpractice that sounds in contract, a plaintiff must allege that his lawyer breached a specific provision of a contract with the plaintiff and "may not rely upon evidence that the lawyer merely breached the general, non-contractually created duty of care." *Svarzbein v. Saidel*, No. Civ. A. 97-3894, 1999 WL 729260, at *9 (E.D. Pa. Sept. 10, 1999). Thus, a malpractice claim sounds in contract only when counsel refuses to do what he has promised his client he will do, not when he fails to exercise the requisite standard of care during his representation. *See, e.g.*, *Duke & Co. v. Anderson*, 418 A.2d 613, 616 (Pa. 1980). Mr. Traumann alleges his former counsel made a host of errors resulting in deficient representation. But he hasn't alleged that any breached a contract, so his claims are subject to a two-year statute of limitations.[2]

---

[1] Mr. Traumann relies on a proposition from *Poteat v. Asteak*, 2024 PA Super 52 (Mar. 21, 2024), that would double the statute of limitations for all tortious legal malpractice claims. However, the Superior Court's opinion was withdrawn pending re-argument. *See Poteat v. Asteak*, 2024 PA Super 52 (Mar. 21, 2024), reargument granted, opinion withdrawn, No. 729 EDA 2023, 2024 WL 2813104 (Pa. Super. Ct. June 3, 2024*)*.
[2] In his Amended Complaint, Mr. Traumann acknowledges that the two-year statute of limitations applies in this case. (*See* ECF No. 24 at p. 5.)

In Pennsylvania, the statute of limitations begins to run in a legal malpractice claim "at the time the harm is suffered or, if appropriate, at the time the alleged malpractice is discovered." *Bailey*, 621 A.2d at 115 (citation omitted). In a criminal malpractice action, a criminal defendant suffers harm as of the date of sentencing, and the time of discovery is the date the attorney-client relationship terminates. *See id.* Therefore, Mr. Traumann's two-year window to bring a legal malpractice claim against Ms. Cinquanto and Mr. Funt started as early as his sentencing on February 22, 2021, and no later than July 6, 2021, when it became clear that he had terminated his relationship with Ms. Cinquanto and Mr. Funt and elected to represent himself. The statute of limitations therefore expired no later than July 6, 2023. Mr. Traumann didn't file this case for nearly seven more months, until January 30, 2024.

Mr. Traumann tries to avoid the statute of limitations by invoking the equitable discovery rule and the doctrine of fraudulent concealment. Neither applies in his case. In legal malpractice cases, the equitable discovery rule applies when the injured party is unable, despite the exercise of due diligence, to know of his injury or its cause. *See Bohus v. Beloff,* 950 F.2d 919, 924 (3d Cir.1991). But in the criminal context, a defendant's conviction puts him on notice of possible malpractice, and with proper diligence he would discover that injury's cause within two years. The occurrence rule is therefore the appropriate benchmark, not the discovery rule. *See Bailey*, 621 A.2d at 115. In the alternative, the doctrine of fraudulent concealment provides that in the presence of clear

or unequivocal evidence of a defendant's "unintentional or intentional" fraud or concealment to prevent a plaintiff from gaining knowledge of his injury, judges may toll the applicable statute of limitations or estop the defendant from asserting such a defense. *Fine v. Checcio*, 870 A.2d 850, 860 (2005). As with the discovery rule, this cannot apply to Mr. Traumann because he was aware of the relevant injury, his conviction, the day it occurred.

Assuming all factual allegations from Mr. Traumann's complaint as true, he cannot sustain his claims for legal malpractice. His claims are time barred, and there's nothing Mr. Traumann can do to get around this deficiency.

**IV.   CONCLUSION**

Mr. Traumann's complaint is too late. I will dismiss Mr. Traumann's Amended Complaint. And because it is impossible for him to cure the deficiencies I've identified, I will do so with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

August 13, 2024